UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DAVID RAMOS,

                                        **STIPULATION AND**
                    *Plaintiff,*          **ORDER OF**
                                        **DISCONTINUANCE**
        -against-                        **PURSUANT TO RULE**
                                          **41(A)**

LAURA M SCHADEL; JILL M FRIEDMAN,
                                        14-CV-0961
                    *Defendants.*
                                        DNH/ATB
_____

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the
attorneys for Plaintiff and Defendants Laura M. Schadel and Jill M. Friedman, parties to the
above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom
a committee has been appointed, and no person not a party has an interest in the subject matter of
the action, the above-entitled action be and the same hereby is settled on the particular
circumstances of this case, on the following terms and conditions, which it is agreed are of and
shall have no legal precedential value in any other case either between the parties to this case or
any other parties:

1.    Plaintiff discontinues this action with prejudice and without damages, costs,
interest or attorneys' fees, and discharges and releases Defendants Laura M. Schadel and Jill M.
Friedman and the State of New York, including its agencies, subdivisions, employees, private
contractors or assignees, of any and all claims, demands, or causes of actions, known or
unknown, now existing or hereafter arising, whether presently asserted or not, which relate in

any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims against the Defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents.

2. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

4. This settlement does not constitute a determination of, or admission by, any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

5. Following the execution of this stipulation, and its being ordered by the Court, Defendants Laura M. Schadel and Jill M. Friedman shall pay to Plaintiff and his attorneys the sum of $50,000.00 in full settlement of any and all claims. Payment by Defendants Laura M. Schadel and Jill M. Friedman of this amount shall be made as follows: One check, representing payment for attorneys' fees and costs of Plaintiff's counsel in this litigation, shall be payable to Plaintiff's attorney, Prisoners' Legal Services of New York, in the amount of $20,000.00 and shall be mailed to the attention of Sophia Heller, Esq., Prisoners' Legal Services of New York,

2

41 State Street, Suite M112, Albany, NY 12207; the remaining sum of $30,000.00 shall be deposited directly into the Plaintiff's inmate account. Defendants' counsel, New York State Office of the Attorney General, shall notify Plaintiff's counsel, in writing, as to when the funds intended to satisfy the Plaintiff's portion of settlement proceeds contemplated herein are disbursed for deposit into the Plaintiff's inmate account.

6. These amounts include all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorneys' fees.

7. Payment by Defendants Laura M. Schadel and Jill M. Friedman of the amount specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York State Public Officers Law.

8. The Department of Corrections and Community Supervision has determined that the crime of conviction of Plaintiff David Ramos is a "specified crime" within the meaning of the New York "Son of Sam" law as amended by Chapter 62 of the Laws of 2001. Because payment of the amount to be paid to Plaintiff under paragraph 5 constitutes "funds of a convicted person" under the Son of Sam Law, it is subject to provisions of Chapter 62 of the Laws of 2001 and shall require an additional 30 day pre-payment period in order for the State to comply with the notification requirements of such law.

9. This stipulation shall be null and void if the approvals referred to in paragraph 6 are not obtained, and this action shall then be placed back on the trial calendar without prejudice.

10. Payment of the amount referenced in paragraph 5 will be made within 120 days of the Attorney General's receipt of this executed stipulation from the Plaintiff's Counsel. In the event that the terms of paragraph 5 are satisfied, but payment is not made within the 120 day

3

period, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after the Attorney General's receipt of the executed Stipulation from the Plaintiff's Counsel.

11.     Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

12.     This stipulation is conditioned upon the issuance of an order of dismissal by the Court which includes a provision explicitly retaining exclusive jurisdiction over the parties and subject matter of this stipulation for all matters relating to this action and the settlement. In the event that no such order is issued, or such an order is issued but later vacated or revoked, this stipulation shall be null and void, and this action shall be placed back on the active docket without prejudice.

13.     This stipulation may be executed in counterparts.

14.     The foregoing constitutes the entire agreement of the parties.

Dated: June 20, 2017
      Albany, New York

David Ramos
Eastern NY Correctional Facility
30 Institution Road
PO Box 338
Napanoch, New York 12458-0338

Dated: June 26, 2017
      Albany, New York

Sophia Heller, Esq.
*Attorneys for Plaintiff*
Prisoner's Legal Services of New York
41 State Street, Suite M112
Albany, NY 12207

Dated: June 30, 2017
      Albany, New York

ERIC T. SCHNEIDERMAN
*Attorney for the Defendants*
Attorney General of the State of New York
The Capitol
Albany, New York 12224-0341

By: _____
      Brian W. Matula, Esq.

Assistant Attorney General, of Counsel
Bar Roll No. 511717
Telephone: (518) 776-2599
Fax: (518) 915-7738 (Not for service of papers.)
Email: Brian.Matula@ag.ny.gov

IT IS SO ORDERED:

_____
     David N. Hurd
United States District Judge

Dated: _____July 10, 2017_____
     Utica, NY